UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

CECIL STEVENS,

        Plaintiff,

vs.                                                       CASE NO.:

_____

THE FLORIDA DEPARTMENT OF
CORRECTIONS, COTY MICHAEL
WILTGEN, WILLIAM STORY
SHACKELFORD, and ETHAN
BURKETT,

        Defendants.

_____/

## AMENDED COMPLAINT

Plaintiff, Cecil Stevens ("Stevens"), by and through the undersigned counsel, hereby sues The Florida Department of Corrections ("FDC"), Coty Michael Wiltgen ("Wiltgen"), William Story Shackelford ("Ford"), and Ethan Burkett ("Burkett"), in their individual capacities and alleges as follows:

### INTRODUCTION

1.    This is a civil rights action for monetary damages as a result of the Defendants' violations of the Civil Rights of 1871, 42 U.S.C. §1983, the Eighth Amendment to the United States Constitution, the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, *et seq.* ("ADA"), and the Rehabilitation Act of 1973, 29

U.S.C. § 701, *et seq.* ("RA"). Plaintiff Stevens is an FDC inmate with a history of physical, mental and intellectual disabilities, of which Defendants Wiltgen, Shackelford and Burkett were aware at all relevant times. On March 3, 2020, Plaintiff was brutally attacked – and nearly beaten to death – by Defendants Wiltgen, Shackelford and Burkett because of his physical, mental and intellectual disabilities. Plaintiff suffered serious and life-threatening injuries which he continues to suffer from to this day, because of Defendants' excessive use of force, in violation of the Eighth Amendment, the ADA, and the RA.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over the claims asserted herein pursuant to 28 U.S.C. §1331 in that this is a civil action arising under the Constitution of the United States.

3. Venue is proper in the Middle District of Florida, Jacksonville Division, because at all times material to this matter the subject incident occurred in Hamilton County, Florida.

4. The claims alleged herein are brought within the applicable statute of limitations.

5. Plaintiff alleges that administrative remedies were and are unavailable to him and, therefore, he is not subject to the Prison Litigation Reform Act's ("PLRA") exhaustion requirement.

## THE PARTIES

6.     Plaintiff Stevens brings this action for violation of the Eighth Amendment, the ADA, and the RA.  At the time of the unlawful beating alleged herein, Plaintiff was housed at the HCI "G-Dorm" in Hamilton County, Florida.

7.     Defendant FDC is an agency of the State of Florida that owns and operates correctional facilities in the State and which receives federal funds to operate its agency.  Defendant FDC is headquartered in Leon County, Florida.  At all times relevant hereto, Defendant FDC owned and operated the aforementioned correctional institution, and the facility where Plaintiff was brutally attacked and discriminated against by the Defendants Wiltgen, Shackelford and Burkett, who inflicted life-threatening injuries to a defenseless Plaintiff.

8.     Defendant Wiltgen was a correctional officer Sergeant employed by Defendant FDC, who, at the time of the incident alleged herein, worked at the aforementioned correctional institution.  Defendant Wiltgen acted under color of State law and intentionally deprived Plaintiff of his rights under the United States Constitution.  Defendant Wiltgen is sued in his individual capacity.

9.     Defendant Shackelford was a correctional officer employed by Defendant FDC, who, at the time of the incident alleged herein, worked at the aforementioned correctional institution.  Defendant Shackelford acted under color

of State law and intentionally deprived Plaintiff of his rights under the United States Constitution. Defendant Shackelford is sued in his individual capacity.

10.    Defendant Burkett was a correctional officer Sergeant employed by Defendant FDC, who, at the time of the incident alleged herein, worked at the aforementioned correctional institution. Defendant Burkett acted under color of State law and intentionally deprived Plaintiff of his rights under the United States Constitution. Defendant Burkett is sued in his individual capacity.

**FACTS**

11.    Plaintiff is an inmate incarcerated in Defendant FDC's prison system. The injuries sustained by the Plaintiff occurred at the Hamilton Correctional Institution Annex in the "G-Dorm". Plaintiff currently resides in Martin Correctional Institution in Martin County, Florida, where he continues to suffer damages under the herein-identified claims.

12.    Plaintiff has a long history of physical, mental and intellectual impairment that substantially limits one or more major life activities. In particular, Plaintiff's physical, mental, intellectual and behavioral disorder has manifested into erratic behavior including attempted suicide and suicidal tendencies which substantially impairs his ability to care for himself and is an impairment to normal or healthy brain functioning. Plaintiff has attempted suicide multiple times while

in the care and custody of FDC and his disability impedes his ability to take care of himself and impairs his neurological and brain functioning.

13.    Additionally, Plaintiff has been diagnosed with antisocial personality disorder, suffers from major depression and has a history of psychiatric treatment while in the care and custody of FDC.

14.    FDC was aware of Plaintiff's disabilities and Defendants Wiltgen, Shackelford and Burkett took issue with and took advantage of Plaintiff's physical, mental and intellectual impairment and brutally attacked Plaintiff.

15.    The following facts are taken directly from the Guilty Plea Agreements wherein said individual Defendants admitted the facts that are set forth below.

### The Brutal Attack on Plaintiff
### by Defendant Coty Michael Wiltgen

16.    The incident and brutal attack took place on March 3, 2020.

17.    The Defendant Wiltgen, a duly sworn corrections Sergeant and employee of HCI, entered "G-Dorm" with Defendants Correction Officer Shackelford and Sergeant Burkett to conduct searches of inmate cells.  An inmate broke off and ran through the dorm.  Defendant Burkett chased said inmate.  Said inmate and Plaintiff were in the middle of the common area when said inmate passed Plaintiff.  As Defendant Burkett attempted to pass Plaintiff, Plaintiff was alleged to have pushed Burkett off his path.  In response, Defendant Wiltgen used

OC spray on Plaintiff toward his back. As Plaintiff was being sprayed, he walked calmly away from Defendant Wiltgen and laid down on the floor, showing no signs of resistance.

18.     Defendant Wiltgen applied handcuffs to Plaintiff, securing his hands behind his back. Defendant Wiltgen, assisted by Defendant Shackelford, escorted Plaintiff out of the dorm. Plaintiff was compliant and showing no signs of resistance. He walked cooperatively with officers out of the dorm and out of camera view.

19.     They passed other officers with Defendant Wiltgen telling them they "got it" as they passed, waving off the other officers from joining the escort. Burkett later joined Shackelford and Defendant Wiltgen outside.

20.     When leaving and when walking outside, Plaintiff was not being combative and was restrained with handcuffs. Plaintiff was not pulling away, was not resisting and was not trying to head-butt the officers. Plaintiff was not a threat to himself, the officers or anyone else. When Defendants Wiltgen and Shackelford got Plaintiff outside, shortly after exiting the doors, Wiltgen and Shackelford made Plaintiff fall to the ground.

21.     Before tripping Plaintiff, Defendant Wiltgen told Plaintiff something to the effect of "Bitch, if you want to hurt somebody, we're the ones to hurt" and said something to Plaintiff about "putting hands on our people".

22.     Once Plaintiff fell to the ground, Defendant Wiltgen began to kick Plaintiff in the face area and shoulders.

23.     Plaintiff was facedown on the ground when he was being kicked. Burkett held Plaintiff on the ground with his knee in Plaintiff's back to keep him from moving.  Defendant Shackelford also struck Plaintiff in the side.

24.     Defendant Wiltgen kicked Plaintiff in the face approximately 15 times.

25.     When Defendant Burkett arrived, he went up to Plaintiff and hit him twice with an open hand to the upper back.

26.     Burkett also punched Plaintiff in the body area.  Plaintiff was screaming during the assault.

27.     Plaintiff was knocked unconscious by Defendant Wiltgen kicking him.  This assault lasted approximately one to two minutes.

28.     Defendant Wiltgen, Defendant Shackelford and Defendant Burkett stopped beating Plaintiff when they heard someone come outside.

29.     At no time was it necessary to use any force on Plaintiff once Plaintiff surrendered and became compliant in 'G-Dorm", other than to place handcuffs on him.  Plaintiff did not spit, kick, strike, move, threaten or resist officers in any way.

30.     Plaintiff was compliant and immobilized during the entire time of the beating.  Defendant Wiltgen knew that the use of force was unnecessary and

excessive, counter to his training and completely unjustified at the time that he used and watched others use, force against Plaintiff.

**The Brutal Attack on Plaintiff
by Defendant William Story Shackelford**

31.    The incident and brutal attack took place on March 3, 2020, while Plaintiff was an inmate at HCI.

32.    Defendant Shackelford was a duly sworn corrections officer and employee of HCI and had entered "G-Dorm" with the other two Defendants identified as Defendant Sergeant Wiltgen and Sergeant Burkett, to conduct searches of inmate cells.

33.    An inmate broke off and ran through the dorm.  Defendant Burkett chased said inmate and Plaintiff was in the middle of the common area when said inmate passed him.  As Defendant Burkett attempted to pass Plaintiff, Plaintiff is alleged to have pushed Defendant Burkett off his path.  In response, Defendant Wiltgen used OC spray on Plaintiff toward his back.  As Plaintiff was being sprayed, Plaintiff walked calmly away from Defendant Wiltgen and laid down on the floor, showing no signs of resistance.

34.    Defendant Wiltgen applied handcuffs to Plaintiff, securing his hands behind his back.  Defendant Wiltgen, assisted by Defendant Shackelford, escorted Plaintiff out of the dorm.  Plaintiff was compliant and showing no signs of resistance.  He walked cooperatively with officers out of the dorm and out of

camera view.   Defendant Burkett later joined Defendant Shackelford and Defendant Wiltgen outside.

35.   When leaving and when walking outside, Plaintiff was not being combative and was restrained with handcuffs.  Plaintiff was not pulling away, was not resisting and was not trying to head-butt the officers.

36.   He was not a threat to himself, the officers or anyone else.  When Defendant Wiltgen and Defendant Shackelford got Plaintiff outside, shortly after exiting the doors, Defendant Wiltgen and Defendant Shackelford forced Plaintiff to the ground.  Once Plaintiff fell to the ground with his chest and head hitting the ground, Defendant Shackelford struck Plaintiff in the back two times with his fists.  Defendant Shackelford struck Plaintiff in his shoulder blade area and his lower back area.  Defendant Wiltgen then began to kick Plaintiff in the face area and shoulders.

37.   Plaintiff was face down on the ground when he was being kicked.  While Defendant Wiltgen struck Plaintiff, Defendant Shackelford was kneeling on the ground next to Plaintiff, who was restrained, and did not intervene to assist Plaintiff or stop Defendant Wiltgen.  Defendant Wiltgen kicked Plaintiff in the head and face more than ten times.

38.   Defendant Wiltgen then backed up, spit on Plaintiff, and called him "nigger".

39.     When Defendant Burkett arrived, he went up to Plaintiff and hit him approximately four times in the face with an open hand.  Some of these slaps were audible.  Plaintiff was screaming during the assault until he lost consciousness from Defendant Wiltgen kicking him.  This assault lasted approximately one or two minutes.

40.     The beating ended after Defendant Wiltgen backed up and stopped kicking Plaintiff and after Defendant Burkett struck Plaintiff four times.  Then Defendant Wiltgen and Defendant Burkett left the area.

41.     At no time was it necessary to use any force upon Plaintiff once Plaintiff surrendered and became compliant in "G-Dorm", other than to place handcuffs on him.  Plaintiff did not spit, kick, strike, move, threaten or resist officers in any way.  Plaintiff was compliant and immobilized during the entire time of the beating.  Defendant Shackelford knew that the use of force was unnecessary and excessive, counter to his training and completely unjustified at the time he used, and watched others use, force against Plaintiff.

### The Brutal Attack on Plaintiff by Defendant Ethan Burkett

42.     On or about March 3, 2020, the Defendant Burkett, a duly sworn corrections Sergeant and employee of HCI, entered "G-Dorm" with Defendant Correction Officer Shackelford and Defendant Sergeant Wiltgen, to conduct searches of inmate cells.  An inmate broke off and ran through the dorm.  Burkett

chased said inmate.  Said inmate and Plaintiff were in the middle of the common area when said inmate passed Plaintiff.  As Defendant Burkett attempted to pass Plaintiff, Plaintiff is alleged to have pushed Defendant Burkett off his path.  In response, Defendant Wiltgen used OC spray on Plaintiff toward his back.  As Plaintiff was being sprayed, he walked calmly away and laid down on the floor showing no signs of resistance.  Handcuffs were then applied to Plaintiff, securing his hands behind his back, while the other Defendant Sergeant assisted by Correction Officer Shackelford, escorted Plaintiff out of the dorm.  Plaintiff was compliant and showing no signs of resistance.  He walked cooperatively with officers outside the dorm and out of camera view.

43.     Defendant Burkett was later joined by said other two Defendants outside.

44.     When leaving and when walking outside, Plaintiff was not being combative and was restrained with handcuffs.  Plaintiff was not pulling away, was not resisting and was not trying to head-butt the officers.  Plaintiff was not a threat to himself, the officers, or anyone else.

45.     When the other Defendant Sergeant and Defendant Shackelford got Plaintiff outside, shortly after exiting the doors, the other Defendant Sergeant and Defendant Shackelford made Plaintiff fall to the ground.

46.     Once Plaintiff fell to the ground, the Defendant Sergeant Wiltgen began to kick Plaintiff in the face area and shoulders.  Plaintiff was face down on the ground when he was being kicked.

47.     Defendant Shackelford held Plaintiff on the ground with his knee in Plaintiff's back to keep him from moving.

48.     Defendant Shackelford also struck Plaintiff in the side.

49.     The Defendant Sergeant Wiltgen kicked Plaintiff in the face approximately 15 times.  When Defendant Burkett arrived, he went up to Plaintiff and hit him twice with an open hand to the upper back.  Defendant Burkett also punched Plaintiff in the body area.  Plaintiff was screaming during the assault.  Plaintiff was knocked unconscious by the Defendant Sergeant Wiltgen who was kicking him.  This assault lasted approximately one to two minutes.

50.     Defendant Burkett, Defendant Shackelford and Defendant Sergeant Wiltgen stopped beating Plaintiff when they heard someone come outside.

51.     At no time was it necessary to use any force upon Plaintiff once Plaintiff surrendered and became compliant in "G-Dorm", other than to place handcuffs on him.  Plaintiff did not spit, kick, strike, move, threaten or resist officers in any way.  Plaintiff was compliant and immobilized during the entire time of the beating.

52.     Defendant Sergeant Burkett knew that the use of force was unnecessary and excessive, counter to his training and completely unjustified at the time that he used, and watched others use, force against Plaintiff.

### COUNT I- 42 U.S.C. 1983- 8TH AMENDMENT
### (Against Defendants Wiltgen, Shackelford and Burkett)

53.     Plaintiff incorporates and realleges Paragraphs 1 through 52 as if fully set forth herein.

54.     Count I is brought through 42 U.S.C. § 1983 and against Defendants Wiltgen, Shackelford and Burkett for violation of the Eight Amendment- cruel and unusual punishment on inmates.

55.     At all times relevant hereto, Defendants Wiltgen, Shackelford and Burkett acted under the color of law and intentionally deprived Plaintiff of his rights under the Constitution of the United States.

56.     Defendants Wiltgen, Shackelford and Burkett are sued in their individual capacities.

57.     While working at HCI, a correctional facility owned and operated by Defendant FDC, Defendants Wiltgen, Shackelford and Burkett intentionally violated Plaintiff's rights as an inmate to be free from cruel and unusual punishment.

58.     Plaintiff had known physical, mental and intellectual disabilities, which were serious medical needs and conditions.   Defendants Wiltgen,

13

Shackelford and Burkett were subjectively aware of Plaintiff's physical, mental and intellectual disabilities prior to the brutal beating.

59.   Plaintiff's disabling conditions and serious medical needs were so obvious that even a layperson would easily recognize the necessity for medical attention and treatment.

60.   The force used by Defendants Wiltgen, Shackelford and Burkett was excessive in that it was used maliciously and ruthlessly for the sole purpose of causing great bodily harm to the Plaintiff.

61.   As a direct and proximate result of the Defendants Wiltgen, Shackelford and Burkett's use of excessive force, Plaintiff has suffered, continues to suffer, and will continue to suffer from substantial harm and damages, including permanent physical injuries, disfigurement, and emotional pain and suffering, said number of injuries to include, but not be limited to the following:

- severe soft tissue swelling on the left side of face – deformity;

- left eye grossly swollen shut;

- an abrasion above right eye and swelling;

- abrasion to right ear and swelling;

- bleeding or draining from ears;

- abrasion to chin and swelling;

- laceration to top left side of lip where his tooth was out and loose; and

- abrasion to his forehead.

WHEREFORE, Plaintiff demands judgment against the Defendants Wiltgen, Shackelford and Burkett for compensatory damages, punitive damages, attorney's fees and costs, and such other relief as this Court deems appropriate.

### COUNT II- Title II of the ADA
### (Against Defendant FDC)

62.     Plaintiff incorporates and realleges Paragraphs 1 through 52 as if fully set forth herein.

63.     Count II is brought under Title II of the ADA, 42 U.S.C. 12101, *et seq.* and 42 U.S.C. §§ 12131-12134, and its implementing regulations.

64.     The ADA prohibits public entities from discriminating against individuals with disabilities in their services, programs, and activities.

65.     Defendant FDC is a public entity within the meaning of 42 U.S.C. § 12131(1) and 28 C.F.R. § 35.104.

66.     Plaintiff was disabled as the term is defined in 42 U.S.C. § 12102, 42 U.S.C. § 12131, and 28 C.F.R. § 35.108, as he suffered physical, mental and intellectual impairments that substantially limited one or more major life activities.

67.     Plaintiff's physical, mental and intellectual impairments substantially limit one or more major life activities, including but not limited to learning, reading, concentrating, thinking, processing information, communicating, and interacting with others, as well as the operation of major bodily functions,

including the functions of Plaintiff's neurological, brain, circulatory, and cardiovascular systems.

68.     Plaintiff has a record of having physical, mental and intellectual impairments that substantially limit one or more major life activity, as he has a documented history of having such impairments.

69.     Plaintiff is regarded by Defendant FDC as having physical, mental and intellectual impairments, as Defendant FDC perceived Plaintiff as having such impairments and has subjected Plaintiff to a prohibited action because of his actual and/or perceived physical, mental and intellectual impairments.

70.     Plaintiff was a qualified individual with a disability because he met the essential eligibility requirements for the receipt of services or the participation in programs or activities provided by Defendant FDC, including but not limited to medical services, psychological services, and to be free from excessive force and discriminatory action.

71.     Plaintiff was brutally attacked and abused by FDC agents and employees, including Defendants Wiltgen, Shackelford and Burkett, at HCI because of his disabilities.  Plaintiff 's disabilities were known to Defendant FDC and its agents and employees, including Defendants Wiltgen, Shackelford and Burkett.

72.     Such attack and abuse constitute discrimination against an individual on the basis of disability in violation of Title II of the ADA.

73.     Such discrimination and abuse by Defendant FDC and its agents and employees, including Defendants Wiltgen, Shackelford and Burkett was on the basis and in spite of Plaintiff's disabilities.

74.     Plaintiff's exercise of his rights under the ADA was interfered with by the Defendant FDC through its agents and employees, including Defendants Wiltgen, Shackelford and Burkett, in violation of U.S.C. § 12203.

75.     Defendant FDC subjected Plaintiff to discrimination on the basis of his disabilities.

76.     Defendant FDC showed discriminatory intent and deliberate indifference toward Plaintiff and his physical, mental and intellectual disabilities and failed to accommodate Plaintiff's physical, mental and intellectual disabilities when FDC:

a.     Failed and intentionally refused to train FDC correctional officers and other employees and agents regarding the safe management of physical, mental and intellectually disabled inmates;

b.     Failed and intentionally refused to consider Plaintiff's particular physical, mental and intellectual disabilities at the time of the brutal attack on March 3, 2020;

      c.     Permitted malicious officers, including Defendants Wiltgen, Shackelford and Burkett to unjustifiable restrain, beat, and abuse Plaintiff because he is different than inmates without disabilities; and

      d.     Failed to use alternatives to force to manage Plaintiff, such to accommodate his known physical, mental and intellectual disabilities.

77.    Had Defendant FDC and its agents and employees, including Defendants Wiltgen, Shackelford and Burkett, not been deliberately indifferent to Plaintiff's physical, mental and intellectual disabilities, Plaintiff would have not been subjected to excessive physical abuse and suffered serious and life-threatening injuries.

78.    As a direct and proximate cause of the Defendant FDC's exclusion and discrimination, Plaintiff has suffered, continues to suffer, and will continue to suffer from substantial harm in violation of his rights under the ADA, said number of injuries to include, but not be limited to the following:

- severe soft tissue swelling on the left side of face – deformity;

- left eye grossly swollen shut;

- an abrasion above right eye and swelling;

- abrasion to right ear and swelling;

- bleeding or draining from ears;

- abrasion to chin and swelling;

- laceration to top left side of lip where his tooth was out and loose; and

- abrasion to his forehead.

WHEREFORE, Plaintiff demands judgment against Defendant FDC for compensatory damages, including for permanent physical injury, disfigurement, and emotional pain and suffering, for all prejudgment interest allowable under law, for attorney's fees and costs incurred in connection with this litigation, and for such other relief as this Court deems appropriate.

## COUNT III- Section 504 of the RA
### (Against Defendant FDC)

79.     Plaintiff incorporates and realleges Paragraphs 1 through 52 as if fully set forth herein.

80.     Count III is brought under Section 504 of the RA, 29 U.S.C. § 701, *et seq.* and 29 U.S.C. § 791-794, *et seq.*, and its implementing regulations.

81.     Section 504 of the RA prohibits discrimination against persons with disabilities by any program or activity receiving Federal financial assistance.

82.     Defendant FDC is a program or activity receiving federal financial assistance within the meaning of 29 U.S.C. § 794.

83.     Defendant FDC excluded Plaintiff, a qualified individual with a disability, from participation in, and denied him the benefits of, programs or activities by reason of his physical, mental and intellectual disabilities.

84.     Defendant FDC subjected Plaintiff, a qualified individual with a disability, to discrimination.

85.     Defendant FDC utilized criteria or methods of administration that either purposely or in-effect discriminate on the basis of handicap/disability, and defeat or substantially impair accomplishment of the objective's of FDC's programs or activities with respect to handicapped/disabled persons.

86.     Defendant knew about the violations described herein but failed to correct them, thereby exhibiting deliberate indifference to the rights of the Plaintiff.

87.     As a direct and proximate cause of the Defendant FDC's exclusion and discrimination, Plaintiff has suffered, continues to suffer, and will continue to suffer from substantial harm in violation of his rights under the RA, said number of injuries to include, but not be limited to the following:

- severe soft tissue swelling on the left side of face – deformity;

- left eye grossly swollen shut;

- an abrasion above right eye and swelling;

- abrasion to right ear and swelling;

- bleeding or draining from ears;

- abrasion to chin and swelling;

- laceration to top left side of lip where his tooth was out and loose; and

- abrasion to his forehead.

WHEREFORE, Plaintiff demands judgment against Defendant FDC for compensatory damages, including for permanent physical injury, disfigurement, and emotional pain and suffering, for all prejudgment interest allowable under law, for attorney's fees and costs incurred in connection with this litigation, and for such other relief as this Court deems appropriate.

## DEMAND FOR JURY TRIAL

Plaintiff Cecil Stevens demands a trial by jury on all issues so triable.


Dated: February 22, 2023            Respectfully submitted,

WILBUR SMITH, LLC
2200 Broadway, 3rd Floor
Fort Myers, FL 33901
239.334.7696 Telephone
239.334.3669 Facsimile

*/s/ Terry B. Cramer, III*
Terry B. Cramer, III, Esquire
Florida Bar No. 099360
*CivilPleadings@WilburSmith.Law*

and

THE LAW OFFICES OF DENNIS L. WEBB
2080 McGregor Boulevard, Suite 200
Fort Myers, FL   33901
(239) 334-1600 – Telephone
 (239) 334-7979 – Facsimile

*/s/ Dennis L. Webb*
Dennis L. Webb, Esq.
Florida Bar No. 165956
*Dennis@swflalawyers.com*

21